# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re:                                    )
                                          )
**LANCE REYNOLDS,**                       )
                                          )
    Plaintiff                       )
                                          )
**VS.**                                   )
                                          )
**UNITED STATES DEPARTMENT OF**           )
**JUSTICE,**                              )
                                          )
**PAMELA J. BONDI,** *in her capacity as* )
*Attorney General of the United States,*  )
                                          )
**FEDERAL BUREAU OF PRISONS,**            )
and                                       )
                                          )
**WILLIAM K. MARSHALL III,** *in his*     )
*capacity as Director of the Federal*     )
*Bureau of Prisons,*                      )
                                          )
    Defendant(s).                   )
_____ )

Case: 1:25-cv-01803    JURY DEMAND
Assigned To : Unassigned
Assign. Date : 6/9/2025
Description: Employ. Discrim. (H-DECK)

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, LANCE REYNOLDS ("Plaintiff or Reynolds"), sues Defendants, UNITED

STATES DEPARTMENT OF JUSTICE ("DOJ"), PAMELA J. BONDI ("Bondi or "AG"),

FEDERAL BUREAU OF PRISONS ("BOP"), and WILLIAM K. MARSHALL III ("Marshall or

BOP Director") ("Collectively Defendants, Government, or Government Defendants") for

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age

Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633(a), the Rehabilitation Act

**RECEIVED**

JUN 0 9 2025

Clerk, U.S. District & Bankruptcy

of 1973, as amended, 29 U.S.C. § 701 et seq., and Title 29 of the Code of Federal Regulations

(C.F.R.), Part 1614 et seq.

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff is an individual residing in Anne Arundel County, Maryland. Defendant is a

    former employer of Defendant BOP whose parent agency is Defendant DOJ.

2.  Defendant, United States Department of Justice, is a federal agency located in

    Washington, DC. It is an employer within the meaning of Title VII. It employs more than

    500 workers.

3.  Defendant, Pamela J. Bondi, is the Attorney General of the United States. Bondi is the

    head of the United States Department of Justice and serves as the chief law enforcement

    officer of the federal government.

4.  Defendant, Federal Bureau of Prisons is a federal law enforcement agency of the United

    States Department of Justice that is responsible for all federal prisons in the country and

    provides for the care, custody, and control of federal prisoners.

5.  Defendant, William K. Marshall III is the Director of the Federal Bureau of Prisons and is

    responsible for the overall management and operation of all federal prisons and

    correctional facilities, including staff, inmates, and budget.

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question)

    and 28 U.S.C. § 1343 (civil rights).

7.  Venue is proper because the Defendants Bondi and Marshall are officers/employees of

    United States agencies acting in their official capacity and Defendants DOJ and BOP are

    agencies of the United States. 28 U.S.C. § 1391 (e).

8. On October 5, 2024, Plaintiff filed a charge of racial discrimination, color discrimination, religion discrimination, gender discrimination, age discrimination, disability discrimination, retaliation, and sexual harassment with the Equal Employment Opportunity Commission ("EEOC") (Exhibit A)

9. On March 20, 2025, The Bureau Equal Employment Opportunity Office (EEO Office) issued a letter that recommended that the Plaintiff's Complaint be dismissed in its entirety pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely contact with an EEO Counselor.

10. Defendant DOJ concurred with the EEO Office's recommendation and subsequently dismissed the Plaintiff's Complaint.

11. The letter informed the Plaintiff of his right to file a civil action in an appropriate United States District Court within 90 days of receipt of the final action on an individual or class Complaint.

## GENERAL ALLEGATIONS

12. Plaintiff incorporates paragraphs 1-11 above.

13. Plaintiff was hired by Defendant BOP in September 2011.

14. Plaintiff's first-line supervisor at the time of the complaint was Eric Earwin, Associate Warden, and his second-line supervisor was Hector Joyner, Warden (now retired).

15. Plaintiff stated his permanent disability, post-traumatic stress disorder (PTSD).

16. Plaintiff was diagnosed with this in 2005 after finishing his contract with the Army and being honorably discharged.

17. Plaintiff stated management employees of the BOP was aware of his race, sex, religion, nationality, parental status, disability status, sexual orientation, age, and gender identity at the time of his complaint.

## ERIC ANDRE EARWIN

18. Eric Andre Earwin (African American, male, African American, Protestant, father, age 45 (6/77)), is an Associate Warden, GS-14, at USP Big Sandy. He held this position from November 2019 to September 2022 and has been with the BOP for 22 years.

19. Mr. Earwin's job duties were overseeing the program's component of USP Big Sandy. Mr. Earwin's first-level supervisor at the time of the complaint was Warden Joyner (retired), and his second-level supervisor was Regional Director James Petrucci.

20. Mr. Earwin states he was aware of Complainant's race, national origin, and sex at the time of the complaint but not his parental status, age, sexual orientation, gender identity, or religious belief.

## JOSHUA ADAM JACKSON

21. Joshua Adam Jackson (Caucasian, male, American, Christian, parent, age 39 (3/83)), is a Human Resources Manager at USP Big Sandy. He has been in this position since August 16, 2020, and has been with the BOP since September 13, 2009.

22. Mr. Jackson's job was to oversee the facility's Human Resources Department.

23. Mr. Jackson's first-line supervisor at the time of the complaint was Gary Rose, Associate Warden, and his second-line supervisor was Warden Joyner.

24. Mr. Jackson was aware of Complainant's sex, race, gender identity, and national origin based on Complainant self-identifying this on his documentation, but stated he was not

aware of Complainant's disability status, parental status, sexual orientation, age, or religion at the time of the complaint.

## MICHAEL LLOYD DUFF

25. Michael Lloyd Duff (white, male, American, no religious preference, parent/father, age 49 (11/73)), was a Captain, GS-13, at the time of this complaint, from June 7, 2020, through June 18, 2022.

26. He was an Associate Warden at USP Hazelton and began his career with the BOP on June 2, 2002.

27. Mr. Duff describes his former duties as Captain as providing leadership and direction to the Correctional Services Department.

28. Mr. Duff's first-line supervisor at the time of the complaint was Associate Warden Earwin, and his second-line supervisor was Warden Joyner.

29. Mr. Duff states he was aware of Complainant's race, sex, and national origin but not his gender identity, parental status, sexual orientation, religion, disability status, or age at the time of the complaint.

## ZACHARY MOORE

30. Zachary Moore (white, male, Christian, American, parent, age 37 (5/85)), is a Human Resources Specialist, GS-9, and has been in this position for nearly two years while beginning his career with the BOP on July 10, 2016.

31. Mr. Moore describes his duties as assisting staff with their benefits, retirements, and incentive awards.

32. Mr. Moore's first-line supervisor at the time of the complaint was Human Resources Manager Josh Jackson, and his second-line supervisor was Associate Warden Rose.

33. Mr. Moore states he was aware of Complainants race, sex, national origin, gender identity, parental status, disability, sexual orientation, religion, and age at the time of the complaint.

## AMBER PRICE

34. Amber Price (Caucasian, female, American, Christian (Baptist), parent/mother, age 42 (11/80)), is an Assistance Case Manager Coordinator, GS-11, at USP Big Sandy.

35. She has been in this position for approximately two and a half years and has been with the BOP since March 14, 2010.

36. Ms. Price job duties included monitoring inmate movement in and out of the facility.

37. Ms. Price's first-line supervisor at the time of the complaint was Case Manager Coordinator Samuel Patrick, and her second-line supervisor was Associate Warden Earwin.

38. Ms. Price states she was aware of Complainant's race, sex, and national origin but not his parental status, disability, sexual orientation, gender identity, age, or religion at the time of the complaint.

## LARRY MOORE II

39. Larry Moore II (Caucasian, male, American, Norse Paganism, parent, age 47 (8/75)), is a Lieutenant at USP Big Sandy and has been in this position for ten years and with the BOP since September 18, 2005.

40. Mr. Moore describes his job duties as occupying a supervisory position involving the direction of a shift.

41. Mr. Moore's first-line supervisor at the time of the complaint was Captain Michael Duff, and his second-line supervisor was Associate Warden Earwin.

42. Mr. Moore states he was aware of Complainant's race and sex but not his parental status, disability, sexual orientation, gender identity, religion, age, or national origin at the time of the complaint.

## CHERANDA BROOKE SKAGGS

43. Cheranda Brooke Skaggs (Caucasian, female, American, Christian, parent, age 30 (1/92)), is a B Unit Secretary, GS-10, at USP Big Sandy. Ms. Skaggs has been in her position for two years and has been with the BOP since November 2015.

44. Ms. Skaggs describes her job duties as inmate releases and proofreading.

45. Ms. Skaggs' first-line supervisor was Jerry Spurlock, Unit Manager, and his second-line supervisor was Associate Warden Earwin. Ms. Skaggs states she was unaware of Complainant's sex, race, parental status, disability, religion, age, national origin, sexual orientation, or gender identity at the time of his complaint.

## BRANDON SKAGGS

46. Brandon Skaggs (Caucasian, male, US Citizen, Christian, parent, age 33 (11/89)), is a Senior Officer Specialist, GS-8, at USP Big Sandy.

47. He has been in this position for three months and began his career with the BOP on March 8, 2015.

48. Mr. Skaggs describes his job duties as maintaining the safety and security of the institution by supervising offenders.

49. Mr. Skaggs' first-line supervisor at the time of the complaint was Lieutenant Larry Moore, and his second-line supervisor was Captain Duff.

50. Mr. Skaggs states he was aware of Complainant's race and sex but not his disability, sexual orientation, religion, national origin, gender identity, parental status, or age at the time of the complaint.

## MARY ANN HUNTER

51. Mary Ann Hunter (Asian/white, female, American, no religion, parent, age 56 (8/66)), is a Human Resources Specialist, GS-9, at USP Big Sandy.

52. She has been in this position since April 2010 and has been with the BOP since April 20, 2003.

53. Ms. Hunter describes her job duties as being responsible for time and attendance, promotions, processing incoming and outgoing staff, helping staff with various benefits, staff uniform allowances, and various other Human Resources jobs.

54. Ms. Hunter's first-line supervisor at the time of the complaint was Human Resources Manager Jackson, and her second-line supervisor was Associate Warden Rose.

55. Ms. Hunter states she was aware of Complainant's race, sex, gender identity, disability, sexual orientation, parental status, national origin, religion, and age at the time of his complaint.

## COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E ET SEQ
### (Employment discrimination based on race, color, religion, sex, and national origin)

56. Plaintiff incorporates paragraphs 1-55.

57. The Government Defendant's discriminated against Plaintiff by tolerating a racially hostile environment which included verbal and physical actions directed against Reynolds because of his race, color, religion, sex, and national origin.

58. Defendant's employees and officers conduct was severe and/or perverse and was well known to Defendant.

59. The Government Defendant's discriminated against Plaintiff by failing to enforce its rules and regulations equally and instead allowing continued harassment by its employees.

60. As a result of the Defendant's discrimination Plaintiff has sustained economic loss, loss of earnings capacity, mental anguish and distress.

## COUNT II- VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA)
### (Employment discrimination against individuals who are 40 years of age or older)

61. Plaintiff incorporates paragraphs 1-60.

62. The Government Defendant's discriminated against Plaintiff based on his age and being over 40 years of age.

63. Defendant's employees and officers conduct was severe and/or perverse and was well known to Defendant.

64. The Government Defendant's discriminated against Plaintiff by failing to enforce its rules and regulations equally and instead allowing continued harassment by its employees based on his age.

65. As a result of the Defendant's discrimination Plaintiff has sustained economic loss, loss of earnings capacity, mental anguish and distress.

## COUNT III- VIOLATION THE REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. § 701 ET SEQ
### (against individuals with disabilities in federal employment)

66. Plaintiff incorporates paragraphs 1-66.

67. The Government Defendant's discriminated against Plaintiff based on his permanent disability diagnosis of PTSD.

68. Defendant's employees and officers conduct was severe and/or perverse and was well known to Defendant.

69. The Government Defendant's discriminated against Plaintiff by failing to enforce its rules and regulations equally and instead allowing continued harassment by its employees based on his disability.

70. As a result of the Defendant's discrimination Plaintiff has sustained economic loss, loss of earnings capacity, mental anguish and distress.

**WHEREFORE**, the Plaintiff, LANCE REYNOLDS, prays for the following relief:

A. Entry of a judgment for damages in favor of Reynolds and against Defendants, such damages to include all economic losses, past and future, as well is an award for pain and suffering totaling no less than $300,000.

B. Awarded backpay at the pay rate of a GS-14.

C. Awarded moving expenses from Ashland, KY to current residence after termination.

D. Entry of an order declaring the Defendant's willfully violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et Seq, The Age Discrimination in Employment Act Of 1967 (ADEA), The Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq and retaliated against Plaintiff.

E. Entry of an award of fees and costs including expert fees.

F. Plaintiff demands a trial by jury.

**\*SIGNATURE ON NEXT PAGE\***

Respectfully Submitted,


LANCE REYNOLDS,
Plaintiff
2949 Riva Road
#2203
Annapolis, MD 21401

(405) 246-8873
lreynolds4242@gmail.com